THE COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


COREY VERNELL OLIVER
                                         OPINION BY
v.   Record No. 1884-01-2        JUDGE ROBERT J. HUMPHREYS
                                      AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                    Thomas V. Warren, Judge

           William R. Blandford, Jr. (Blandford,
           Carrico & Newlon, P.C., on brief), for
           appellant.

           Kathleen B. Martin, Assistant Attorney
           General (Jerry W. Kilgore, Attorney General,
           on brief), for appellee.


     Corey Vernell Oliver appeals the revocation of his suspended

sentence for distribution of imitation cocaine.  Oliver contends

the trial court abused its discretion in revoking his suspended

sentence, based upon an act committed by Oliver prior to his

December 20, 2000 sentencing for the offense.  For the reasons

that follow, we reverse and remand.

     Oliver committed the offense of distributing imitation

cocaine on January 13, 2000.  While on bond and awaiting trial for

this offense, Oliver committed an attempted malicious wounding on

October 25, 2000.  On December 20, 2000, Oliver entered into a

written plea agreement with the Commonwealth, which stated the

"parties agree[d] that the appropriate disposition of this matter

[was] two (2) years suspended condition [sic] serve 30 days supervised probation [sic] $250 fine."  It appears from the record that the court sentenced Oliver immediately, and no pre-sentence report was requested by either Oliver or the trial court, as permitted by Code § 19.2-299(A).  The trial court thus sentenced Oliver to serve two years in prison, with one year and eleven months suspended.

On April 18, 2001, Oliver was convicted and sentenced for the malicious wounding charge, as well as a related use of a firearm charge.  The trial court sentenced him to serve thirteen years in prison, with nine years suspended.  During the April 18 trial, the Commonwealth notified the trial court of the December 20 drug conviction, and the court sua sponte issued a show cause to revoke the suspended sentence imposed on December 20, 2000.  The grounds for the show cause order were stated as "failing to abide by the terms of probation."  After the hearing on the show cause on June 25, 2001, the trial court revoked Oliver's suspended sentence finding:

> When you were in Court and you were convicted of distribution of imitation cocaine, you could have gotten a lot more time than you got.  You only got one month to serve.  And before you're even sentenced for it, you're out riding around like a [vigilante] in Blackstone shooting a gun. And it's not going to happen that the Court just ignores that. . . . The time that was heretofore suspended is now revoked and is added to the time you're serving, which will be one year and eleven months plus the time that you're serving now.

-

On appeal, Oliver contends that the trial court erred in revoking his suspended sentence, as he committed the malicious wounding and related firearm offense before the trial court imposed the suspended sentence and probation for the drug charge. We agree.

The Commonwealth contends Oliver failed to raise the specific argument concerning the timing of the malicious wounding offense at trial. We agree. Accordingly, his appellate contention is procedurally barred pursuant to Rule 5A:18, unless he has shown "good cause" or that the "ends of justice" require our review.[1] While Oliver has not shown "good cause," we find that Oliver has made an affirmative showing that a miscarriage of justice has occurred in this matter, as there is no evidence in the record that Oliver committed a violation which would render his suspended sentence and probation subject to revocation. Therefore, we consider Oliver's appeal under the "ends of justice" exception to Rule 5A:18.[2] "

[U]nder Virginia law, once a defendant receives a suspended sentence, a judge's power to revoke the suspension of sentence and probation is governed by statute."[3] "These statutes

---

[1] See Rule 5A:18.

[2] See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

[3] Carbaugh v. Commonwealth, 19 Va. App. 119, 123, 449 S.E.2d 264, 266 (1994) (citing Grant v. Commonwealth, 223 Va. 680, 684,

-

obviously confer upon trial courts 'wide latitude' and much

'discretion in matters of suspension and probation . . . to

provide a remedial tool . . . in the rehabilitation of criminals'

and, to that end, 'should be liberally construed.'"[4]  Code

§ 19.2-306 provides as follows, in relevant part:

> The court may, for any cause deemed by it
> sufficient which occurred at any time within
> the probation period, or if none, within the
> period of suspension fixed by the court, or
> if neither, within the maximum period for
> which the defendant might originally have
> been sentenced to be imprisoned, revoke the
> suspension of sentence and any probation, if
> the defendant be on probation, and cause the
> defendant to be arrested and brought before
> the court at any time within one year after
> the probation period, or if no probation
> period has been prescribed then within one
> year after the period of suspension fixed by
> the court, or if neither a probation period
> nor a period of suspension has been
> prescribed then within one year after the
> maximum period for which the defendant might
> originally have been sentenced to be
> imprisoned, whereupon, in case the
> imposition of sentence has been suspended,
> the court may pronounce whatever sentence
> might have been originally imposed.

Despite the wide latitude granted to trial courts in revoking

a suspended sentence and probation, the language of Code

§ 19.2-306 clearly specifies the periods in which the events

---

292 S.E.2d 348, 350 (1982); Dyke v. Commonwealth, 193 Va. 478, 479, 69 S.E.2d 483, 484 (1952)).

[4] Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991); Dyke, 193 Va. at 484, 69 S.E.2d at 486.

-

amounting to cause for revocation must occur in order for a judge to properly revoke a suspended sentence.[5]  Specifically, the statute expressly states that the judge may revoke suspension of sentence and probation for any sufficient cause that "occurred at any time within" the specified periods.[6]  It logically follows then that "[g]enerally, where the suspension is conditioned upon future good conduct," as it was here, "the revocation of the suspension must be predicated upon a showing of conduct which occurs subsequent to the imposition of the suspended sentence."[7]

However, as the Commonwealth points out, "[d]eceit, untruthfulness and deception at the time of the sentencing are always grounds for revoking a suspended sentence."[8]  Moreover, "[t]here is 'significant authority for the proposition that a trial court has the discretion to revoke probation if information is discovered which, had it been known at the time of sentencing, would have led the trial court to deny probation,'" if the information at issue was in some way misrepresented and/or concealed by the defendant.[9]

---

[5] Code § 19.2-306.

[6] Id.

[7] <u>Bryce v. Commonwealth</u>, 13 Va. App. 589, 590-91, 414 S.E.2d 417, 418 (1992).

[8] <u>Cottrell v. Commonwealth</u>, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991).

[9] Id. (citing State v. Darrin, 325 N.W.2d 110, 113 (Iowa 1982); Annotation: Revocation of Probation Based on Defendant's

Nevertheless, although the record here indicates that the trial judge, at the time of sentencing, was unaware of Oliver's pending charges, nothing in the record indicates that the trial judge's lack of awareness was attributable to any "deceit, untruthfulness [or] deception" on the part of Oliver. Indeed, as stated above, Oliver was sentenced immediately upon the trial court's acceptance of a plea agreement which stipulated that both the Commonwealth and Oliver considered the agreed sentence appropriate under the circumstances. Furthermore, since the same prosecutor represented the Commonwealth in both cases, the Commonwealth was clearly aware of the charges, which had been pending against Morris in the same jurisdiction for approximately two months, when the Commonwealth agreed that the sentence was appropriate. Accordingly, the Commonwealth's fraud argument lacks merit on its face.[10]

We find that the trial judge erred in considering the offenses that occurred prior to sentencing as a basis to revoke Oliver's suspended sentence and probation. Thus, we reverse and remand with directions to the trial court to vacate its order

---

Misrepresentation or Concealment of Information From Trial Court, 36 A.L.R.4th 1175 (1985)).

[10] See Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988) ("No litigant, even a [party] in a criminal case, will be permitted to approbate and reprobate - to invite error, . . . and then to take advantage of the situation created by his own wrong.").

-

revoking Oliver's suspended sentence and probation, and to

reinstate the same.

<u>Reversed and remanded.</u>
