COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Haley
Argued at Chesapeake, Virginia


KEVIN A. CANTY

                                                            OPINION BY
v.        Record No. 0691-09-1              JUDGE ELIZABETH A. McCLANAHAN
                                                            OCTOBER 5, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Nathan A. Chapman (Chapman Law Firm, P.C., on briefs), for
appellant.

Karen Misbach, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellee.


Kevin A. Canty appeals the suspension revocation of his February 2008 sentence for

possession of heroin.  Canty argues the trial court erred by finding him in violation of the terms of

his probation and suspension because the violation he committed, while after the date of his initial

sentence, was before his prior revocation hearing.  We find the trial court had the power to revoke

the suspension because though the violation committed by Canty was before his most recent

revocation hearing, the trial court had not previously considered that conduct.  Therefore, we affirm

the judgment of the trial court.

## I.  BACKGROUND

Canty was convicted of heroin possession in February 2008.  The trial court sentenced

him to two years incarceration and suspended the entire sentence conditioned upon the

successful completion of two years of supervised probation.  In August 2008, Canty's probation

officer filed a report with the trial court alleging Canty violated the terms of his probation[1] and a show cause capias was issued. When the capias was executed and Canty was taken into custody, the police found heroin in his possession but did not charge him with drug possession at that time.[2] In October 2008 (the first revocation hearing), the trial court found Canty violated the terms of his probation and revoked the previously suspended sentence, reimposed the sentence of two years incarceration, and resuspended one year and eight months. The fact that Canty was in possession of heroin when taken into custody in September was not revealed to the trial court and not considered.[3]

Subsequently, Canty was indicted for heroin possession. The charge was based on his possession of the drug when he was taken into custody on the probation violation.[4] In January 2009, Canty was found guilty on the September 2008 drug possession charge and his probation officer filed a report stating that Canty had violated the conditions of his probation. At a second revocation hearing, the trial court found Canty guilty of violating the terms of his probation,

---

[1] Canty's probation officer alleged Canty failed to report to the officer as instructed, failed to be truthful with the officer, and unlawfully used, possessed, or distributed controlled substances or related paraphernalia.

[2] The Commonwealth asserted Canty was not charged with possession at that time because he agreed to aid police in their investigation of other drug offenders. There is no evidence of any such agreement in the record, and we have not considered the Commonwealth's assertion in this regard in reaching our holding.

[3] In his supplemental brief, Canty argues "there is nothing in the record to indicate" his possession of heroin in September 2008 was *not* considered by the trial court in the first revocation hearing. To the contrary, the trial court found that "only two people knew about [the September 2008 drug possession]" – Canty and the Commonwealth – at the first revocation hearing. Thus, the record affirmatively shows it was neither known nor considered by the trial court at the first revocation hearing.

[4] According to the Commonwealth, Canty was charged in connection with the September 2008 heroin possession when he failed to cooperate with police as he had previously agreed to do. Again, because there is no agreement to this effect in the record, we do not consider the Commonwealth's contention.

revoked his previously suspended sentence, reimposed one year and eight months, and resuspended eight months.

## II. ANALYSIS

Canty argues the trial court erred in finding he violated the conditions of his probation because he committed no violative act after the first revocation hearing. Canty contends the holdings in Hamilton v. Commonwealth, 217 Va. 325, 228 S.E.2d 555 (1976), and Oliver v. Commonwealth, 38 Va. App. 845, 568 S.E.2d 465 (2002), should extend to future revocation and resuspension events. Those decisions hold that a trial court cannot rely upon conduct occurring before the initial sentencing in finding a probation violation. Specifically, Canty argues that acts he committed after the initial sentencing but before his previous revocation hearing cannot be considered in determining subsequent probation violations.

"[U]nder Virginia law once a defendant receives a suspen[sion] [of] sentence, a judge's power to revoke the suspension . . . is governed by statute." Carbaugh v. Commonwealth, 19 Va. App. 119, 123, 449 S.E.2d 264, 266 (1994) (citing Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982); Dyke v. Commonwealth, 193 Va. 478, 479, 69 S.E.2d 483, 484 (1952)). "Code § 19.2-306 clearly specifies the periods in which the events amounting to cause for revocation must occur in order for a judge to properly revoke a suspended sentence." Oliver, 38 Va. App. at 849, 568 S.E.2d at 467. The "court may revoke the suspension of sentence" for any cause that occurred within "the probation period," or within "the period of suspension fixed by the court," or if neither, within "the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306(A).

By the plain language of the statute, a trial court is empowered to revoke a suspended sentence for misconduct occurring after the initial suspension of sentence and prior to the expiration of the period of suspension. Collins v. Commonwealth, 269 Va. 141, 147, 607 S.E.2d 719, 722

(2005). The "statutes obviously confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation'" in order to provide them with "a remedial tool" in the rehabilitation of criminals. Wright v. Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000) (citation omitted). Hence, the "power of the court to revoke for breach of the terms and conditions of probation should not be restricted beyond the limitations fixed by the statutes." Rease v. Commonwealth, 227 Va. 289, 294, 316 S.E.2d 148, 151 (1984).[5]

When the trial court initially imposed Canty's sentence in February 2008, it conditioned the suspension of his sentence on his successful completion of two years supervised probation and his compliance "with all the rules and requirements set by the Probation Officer." Condition 1 of the Conditions of Probation/Post-Release Supervision required Canty to "obey all Federal, State and local laws and ordinances." In accordance with Code § 19.2-306(A), the trial court was empowered to revoke the suspension of Canty's sentence for conduct that occurred subsequent to the February 2008 suspension and within the probation period, which therefore included Canty's heroin possession in September 2008.

In addition to the explicit conditions in the original sentencing order, the implicit condition of good behavior attaches to the suspended sentence "'the moment following its pronouncement.'" Collins, 269 Va. at 146, 607 S.E.2d at 721 (quoting Coffey v. Commonwealth, 209 Va. 760, 763, 167 S.E.2d 343, 345 (1969)). Once imposed, the condition of good behavior lasts "throughout the

_____

[5] On appeal from a revocation proceeding, a trial court's revocation of a suspension of sentence will not be disturbed in the absence of an abuse of discretion. Allison v. Commonwealth, 40 Va. App. 407, 411, 579 S.E.2d 655, 657 (2003); Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 686 (1991). "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." Hamilton, 217 Va. at 327, 228 S.E.2d at 556 (internal citations and quotations omitted). Reasonable cause for revoking a sentence includes the defendant's failure to comply with the conditions of probation, Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999), or conditions of the suspension, Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964). The issue in this case is the trial court's *power* to consider certain conduct, not the exercise of its *discretion*.

- 4 -

period of supervised probation." Id. at 147, 607 S.E.2d at 721. That there are multiple "periods to which the condition of good behavior" is attached is "immaterial" if "the condition of good behavior was in effect at the time the defendant committed the new offenses." Coffey, 209 Va. at 763-64, 167 S.E.2d at 345. Thus, throughout Canty's period of supervised probation the trial court had the "power to invoke the condition of good behavior which had attached to [Canty's] suspension from the beginning." Id. at 764, 167 S.E.2d at 346.

Code § 19.2-306 addresses the effect of a prior hearing on the court's authority to consider alleged violations and contains its own statutory preclusionary rule: "If any court has, after hearing, found *no cause*" to "revoke a suspended sentence," then "any further hearing" for that purpose, "*based solely on the alleged violation for which the hearing was held*, shall be barred." Code § 19.2-306(D) (emphasis added). Therefore, had Canty's September 2008 drug possession been raised at the first revocation hearing, and had the trial court determined it was not grounds for a revocation, Code § 19.2-306(D) would have precluded it from being used in any later hearing for this purpose.[6]

No Virginia precedent, however, has interpreted this statute to preclude a trial court from relying on a ground *not* raised at a prior hearing and *not* previously found to be "no cause" for revocation. Code § 19.2-306(D). Doing so would be to "judicially graft" an unwritten provision into the statute, Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 280, 590 S.E.2d 631, 640 (2004), under the subtle "guise of judicial interpretation," Holly Hill Farm Corp. v. Rowe, 241 Va. 425, 431, 404 S.E.2d 48, 51 (1991).

---

[6] There is "no requirement . . . that the suspension may be revoked only upon the conviction of a subsequent criminal offense." Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946). Accordingly, had the issue been raised at the first revocation hearing, the trial court could have considered the conduct or elected to wait until charges were brought or a conviction was obtained.

Contending the trial court was barred from considering acts that occurred prior to the "new" period of suspension and probation in October 2008, Canty misplaces his reliance on Hamilton and Oliver. In Hamilton, the Supreme Court held a defendant could not be found in violation of his probation for conduct occurring prior to initial sentencing. In Oliver, this Court similarly held revocation of a suspended sentence must be for conduct occurring after the imposition of the suspended sentence. But these holdings, which recognize the common sense principle that a defendant cannot be found in violation of conditions not yet in existence,[7] have no application here since the probation condition violated by Canty was in place from the time of his initial sentencing in February 2008 and, therefore, at the time of his September 2008 drug possession.[8] In neither Hamilton nor Oliver did the courts suggest that the trial court is precluded from considering conduct occurring after the initial sentencing but prior to a subsequent revocation and resuspension. And we find no reason to extend the holdings in Hamilton and Oliver to future revocation and resuspension events.[9] Indeed, we reject the notion

---

[7] Even this proposition must give way to the "'principle that revocation of probation is permissible when defendant's acts prior to sentencing constitute a fraud on the court.'" Bryce v. Commonwealth, 13 Va. App. 589, 591, 414 S.E.2d 417, 418 (1992) (quoting United States v. Kendis, 883 F.2d 209, 210 (3d Cir. 1989)).

[8] Because the probation violation found in October 2008 was not itself a criminal conviction, the revocation and resuspension of Canty's suspended sentence in October was merely a modification of the original suspended sentence. See Alsberry v. Commonwealth, 39 Va. App. 314, 318, 572 S.E.2d 522, 524 (2002) (a probation violation is not itself a criminal conviction). Accordingly, the sentence imposed after the second revocation hearing was not a modification of the October 2008 sentence, as Canty contends, but rather a further modification of the original February 2008 suspended sentence. Id. ("[T]he issue at a revocation proceeding is not what sentence to impose upon the defendant for his prior criminal conviction, but whether to continue all or any portion of a previously imposed and suspended sentence due to the defendant's failure to abide by the terms of his probation.").

[9] Canty argues because "each revocation of a previously suspended sentence and the resuspension of some or all of that previously suspended sentence is a 'new sentencing event,'" the trial court cannot consider acts prior to the most recent sentencing event. Although we have referred to the revocation and resuspension as a "new sentencing *event*," we did so in the context of recognizing the trial court's power to place new conditions on resuspensions. We explained

- 6 -

that the revocation and resuspension of all or part of a defendant's suspended sentence prevents the trial court from thereafter considering conduct by the defendant, never before considered, that occurred prior to the date of the revocation and resuspension. To do so would immunize the defendant (in the context of sentencing on the original crime) from the consequences of acts he committed, no matter how heinous, in violation of certain conditions of his probation once the trial court found him in violation of *other*, even minor, terms of his probation.

Therefore, since the September 2008 drug possession was not raised at the first revocation hearing, the trial court had the power to rely on it at the second revocation hearing in finding Canty violated the terms of his probation. See Rease, 227 Va. at 294, 316 S.E.2d at 151 (the "power of the court to revoke for breach of the terms and conditions of probation should not be restricted beyond the limitations fixed by the statutes").

For these reasons, we affirm the judgment of the trial court.

Affirmed.

---

the trial court is "restricted only by limitations that it may not extend the length of the original sentence or the length of the period of suspension and, as is the case with an original suspension, that any conditions of suspension be reasonable." Reinke v. Commonwealth, 51 Va. App. 357, 367-68, 657 S.E.2d 805, 811 (2008); see also Wright, 32 Va. App. at 153, 526 S.E.2d at 787 (trial court had authority to extend the suspension period when it sentenced defendant following defendant's violations of the conditions of his previously suspended sentence). The revocation and resuspension is a new sentencing *event* but it is not a new *sentence*. See Alsberry, 39 Va. App. at 318, 572 S.E.2d at 524. And it does not follow that the trial court's authority to place new conditions on a resuspension prevents it from considering misdeeds committed by the defendant prior to the resuspension in determining future probation violations. In fact, the principle recognized in Reinke and Wright, that the trial court's power should not be restricted beyond the statutory limitations, should apply with equal force here.