COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Alexandria, Virginia


RONALD EUGENE CLARKE
                                                        OPINION BY
v.        Record No. 1562-10-4              JUDGE RANDOLPH A. BEALES
                                                        MAY 15, 2012
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                            Charles S. Sharp, Judge

            Elizabeth Christoff Hutson, Assistant Public Defender (Office of the
            Public Defender, on brief), for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        On October 27, 2005, Ronald E. Clarke (appellant) was convicted by the trial court of

driving while a habitual offender, subsequent offense, in violation of Code § 46.2-357, and

sentenced to five years in prison.  The trial court suspended three years and six months of that

sentence.  On October 16, 2009, the trial judge found appellant had violated his probation,

revoked appellant's previously suspended sentence, and resuspended two years and six months

(thereby sentencing appellant to one year of active incarceration from the originally suspended

sentence).  On May 24, 2010, the same trial judge found that appellant had again violated his

probation.  Accordingly, the trial judge revoked appellant's suspended sentence and resuspended

two years (thereby sentencing appellant to another six months of active incarceration from the

originally suspended sentence).[1]

_____
        [1] The trial court's May 24, 2010 order states that it "REVOKES two (2) years and six
(6) months of the previously suspended sentence on the conviction of Driving While a Habitual

On appeal, appellant argues that the trial court erred at the May 21, 2010 revocation hearing when it revoked appellant's suspended sentence for behavior which occurred prior to a "previous sentencing event." Specifically, appellant contends that, since the trial judge was aware at the October 16, 2009 revocation hearing that there were charges pending against appellant in another jurisdiction, the trial judge thus subsequently lacked authority at the May 21, 2010 revocation hearing to revoke appellant's suspended sentence because one of those pending charges had resulted in a criminal conviction. However, for the following reasons, we affirm the trial court's revocation of appellant's suspended sentence.

## I. BACKGROUND

After the October 16, 2009 revocation hearing described above, on March 12, 2010, appellant's probation officer advised the Commonwealth's Attorney by letter that appellant had violated his probation by having been convicted in the Caroline County Circuit Court on March 9, 2010 of a "Habitual Offender 6th" offense. The trial court issued a show cause order for appellant and held a revocation hearing on May 21, 2010.

At the May 21, 2010 revocation hearing, appellant argued that the Caroline County offense could not be a ground to revoke his suspended sentence because it had been known as a pending charge to the trial court at the revocation hearing held on October 16, 2009.[2] In support

---

Offender-Subsequent Offense and RE-SUSPENDS all but six (6) months." However, the trial judge earlier had stated from the bench that "[t]wo years and six months was previously suspended. The Court reimposes all that time and resuspends six months. That means you've got two years on this violation of probation." A trial court is, nevertheless, presumed to speak through its written orders, and so we are now reviewing on appeal the terms of the trial court's "Conviction and Sentencing Order" entered on May 24, 2010. See McMillion v. Dryvit Sys., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001) (noting that "trial courts speak only through their written orders and that such orders are presumed to reflect accurately what transpired").

[2] In the sentencing phase of the May 21, 2010 revocation hearing, the prosecutor introduced, without objection from the defendant, the original letter from appellant's probation officer, dated August 13, 2009, which had been the basis for the October 16, 2009 revocation.

of his argument, appellant presented a letter dated October 6, 2009, from his probation officer to the Commonwealth's Attorney of Stafford County, which the trial court admitted into evidence without objection. The letter stated appellant had incurred new charges, including "Habitual Offender 6th, Driving Under the Influence, Refusal, Possession of Thc[3] 2nd, and Speeding 50/35" in Caroline County on September 7, 2009, which were set for preliminary hearing on October 9, 2009. The letter further stated: "If [Clarke] is convicted of these charges, then it would be a violation of condition 1."[4] By the time of this May 21, 2010 revocation hearing, one of the Caroline County charges, the "Habitual Offender 6th" offense, resulted in a conviction.[5] The trial judge, who also presided at the October 16, 2009 revocation hearing, found that there was no evidence to suggest the court had considered the new charges as a basis for revocation at

The letter stated that appellant had failed to maintain contact with his probation officer and had used cocaine.

[3] Although the record on appeal does not clarify precisely for what the abbreviation "Thc" stands, it appears to refer to the substance tetrahydrocannabinol. See, e.g., Monson v. DEA, 589 F.3d 952, 955 (8th Cir. 2009) (explaining that "cannabis plants contain tetrahydrocannabinol (THC)").

[4] Condition 1 required appellant to "obey all federal, state and local laws and ordinances."

[5] Even though the trial judge did not revoke appellant's suspended sentence based on the pending charges (instead he revoked on the basis of a conviction that resulted from one of those charges), a trial judge may, in the exercise of his discretion, revoke a suspended sentence on the basis of evidence of conduct that does not necessarily result in an actual criminal conviction. See Marshall v. Commonwealth, 202 Va. 217, 220-21, 116 S.E.2d 270, 273-74 (1960) (the Supreme Court stated that "the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension . . ."); see also Holden v. Commonwealth, 27 Va. App. 38, 42, 497 S.E.2d 492, 494 (1998) ("Iniquitous, but not necessarily illegal, conduct [also] justifies a court's revocation of a suspended sentence." (citing Bryce v. Commonwealth, 13 Va. App. 589, 591, 414 S.E.2d 417, 418 (1992))).

the October 16, 2009 hearing.[6]  Specifically, the trial judge stated:  "So, the Court finds that there is no evidence to suggest that [the Caroline County charges] were considered."  Accordingly, on May 24, 2010, the trial judge entered a written order finding that appellant again violated the terms of his suspended sentence and revoked that sentence, resuspending all of it but six months, which appellant was ordered to serve.

## II.  ANALYSIS

On appeal, appellant argues that the trial court erred at the revocation hearing on May 21, 2010 by revoking his suspended time for behavior which occurred prior to a "previous sentencing event" – i.e., before the revocation hearing held on October 16, 2009.  However, it is clear that the trial judge did not abuse his discretion under Code § 19.2-306 in revoking appellant's suspended sentence.  Moreover, it is plain that the trial judge simply did not consider the Caroline County charges at the October 16, 2009 revocation hearing.  Thus, under Canty v. Commonwealth, 57 Va. App. 171, 699 S.E.2d 526 (2010), the trial judge had the "power to revoke the suspension" at the May 21, 2010 revocation hearing, based on the "Habitual Offender 6th" charge that ultimately resulted in a conviction.  Id. at 173, 699 S.E.2d at 527.

Code § 19.2-306, which governs revocation of suspension of sentence and probation, reads in pertinent part:

> (A) In any case in which the court has suspended the execution or imposition of sentence, *the court may revoke the suspension of sentence for any cause the court deems sufficient* that occurred at any time within the probation period, or within the period of suspension fixed by the court.
>
> *        *        *        *        *        *        *

---

[6] The transcript of the October 16, 2009 revocation hearing is not a part of the record on appeal in this case.  "[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of."  Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

(C) If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then: (i) if the court originally suspended the imposition of sentence, the court shall revoke the suspension, and the court may pronounce whatever sentence might have been originally imposed or (ii) if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect. *The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.*

(Emphasis added).

The "revocation of a suspended sentence lies in the discretion of the trial court and that . . . discretion is quite broad." Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19 (2004). On appeal from a revocation proceeding, the trial court's "'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)).

Appellant argues that the trial judge abused his discretion because the October 16, 2009 probation violation hearing was a new sentencing event and the trial court was not permitted to look back to the conduct of appellant which occurred prior to a new sentencing event. Accordingly, appellant argues that any subsequent revocation (i.e., the one ordered on May 24, 2010) could only be based on behavior that occurred *after* the October 16, 2009 revocation hearing. However, appellant complains that the offense date for his new charges occurred *before* the October 16, 2009 revocation hearing – on September 7, 2009 – and, thus, should not have been considered at the revocation hearing on May 21, 2010.

In support of this argument, appellant cites Reinke v. Commonwealth, 51 Va. App. 357, 367-68, 657 S.E.2d 805, 811 (2008), in which this Court held that the language of Code § 19.2-306(C)

makes clear that revocation of a previously suspended sentence and the resuspension of some or all of that previously suspended sentence is a *new sentencing event*, restricted only by limitations that it may not extend the length of the original sentence or the length of the period of suspension and, as is the case with an original suspension, that any conditions of suspension be reasonable.

(emphasis in original). However, appellant misapplies Reinke. This Court in Reinke discussed a "new sentencing event" in the context of acknowledging a trial court's authority under Code § 19.2-306(C) to place new conditions on a resuspended sentence – an entirely different context then that presented to us in this appeal. See id. at 367-68, 657 S.E.2d at 810-11. Thus, Reinke is simply not on point or actually relevant to the analysis in this case.

The case law governing the situation before us is quite clear. The trial court "'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)). Here, appellant violated Condition 1 (which required appellant to "obey all federal, state and local laws and ordinances") when he was convicted in Caroline County of "Habitual Offender 6th" and, thus, the trial judge properly revoked appellant's suspended sentence on that basis on May 24, 2010.

Moreover, this Court's decision in Canty is highly persuasive on this issue. Appellant admits that his argument may well be contrary to the current rulings of this Court and the Supreme Court of Virginia. See Canty, 57 Va. App. at 171, 699 S.E.2d at 526. However, appellant contends that this case is factually distinguishable from Canty. While it is true that the facts of this case differ somewhat from those in Canty, the legal principle announced in Canty also applies here.

The trial court in <u>Canty</u> was not aware when it revoked the defendant's suspended sentence in October 2008 that the defendant had been found in possession of heroin the month before, although the Commonwealth had been apprised of this fact. <u>See</u> <u>Canty</u>, 57 Va. App. at 174, 699 S.E.2d at 527. A second show cause hearing was held after Canty was convicted of the new heroin offense, and the trial court revoked and resuspended Canty's sentence. <u>Id.</u> at 174-75, 699 S.E.2d at 527-28. This Court rejected Canty's argument that, at the second revocation hearing, the trial court could only consider as grounds to revoke his suspended sentence the misconduct that had occurred *after* the first revocation hearing. This Court held that "the trial court had the power to revoke the suspension because though the violation committed by Canty was before his most recent revocation hearing, *the trial court had not previously considered that conduct*." <u>Id.</u> at 173, 699 S.E.2d at 527 (emphasis added).

This Court explained in <u>Canty</u> that Code § 19.2-306 "empowered" a trial court "to revoke a suspended sentence for misconduct occurring *after* the initial suspension of sentence and prior to the expiration of the period of suspension." <u>Id.</u> at 175-76, 699 S.E.2d at 528 (emphasis added). This Court further observed that Code § 19.2-306(D)[7] precluded a trial court from considering at a subsequent revocation hearing misconduct it had rejected as cause to revoke at a prior hearing. <u>Id.</u> at 177, 699 S.E.2d at 529. This Court stated, however, that Code § 19.2-306(D) did not prohibit a trial court from considering conduct that was "*not* raised at a

---

[7] Code § 19.2-306(D) reads:

> If any court has, after hearing, found no cause to impose a sentence that might have been originally imposed, or to revoke a suspended sentence or probation, then any further hearing to impose a sentence or revoke a suspended sentence or probation, *based solely on the alleged violation for which the hearing was held*, shall be barred.

(Emphasis added).

prior hearing and *not* previously found to be 'no cause' for revocation." Id. (emphasis in original). The Supreme Court of Virginia affirmed this Court's opinion in Canty. See Canty v. Commonwealth, Record No. 102221 (Va. Oct. 7, 2011) (unpublished order).

While, unlike in Canty, the trial court here was aware of appellant's pending charges in Caroline County (because the Commonwealth presented the trial court with the information on the new pending charges in a letter on October 6, 2009), the trial judge clearly attached *no legal significance* to the charges. In fact, he expressly *did not consider them* as cause to revoke. Specifically, the trial judge, who presided at both the October 16, 2009 and May 21, 2010 revocation hearings, stated at the May 21, 2010 revocation hearing: "So, the Court finds that there is no evidence to suggest that these items [the Caroline County charges] were considered [at the October 16, 2009 revocation hearing]."

At the May 21, 2010 revocation hearing, the trial judge found: "It's clear, given the evidence before the Court then, *at this point*, that [appellant] has violated the terms of his probation and I find him guilty of violating his probation." (Emphasis added). The record establishes that the trial court actually considered appellant's habitual offender conduct as a ground for revocation *only* at this May 21, 2010 hearing. The trial court appropriately relied on this conviction as a basis for revoking appellant's suspended sentence at that hearing under Canty because, while appellant's misconduct was committed "before [appellant's] most recent revocation hearing," that misconduct was "*not* previously found to be 'no cause' for revocation." Canty, 57 Va. App. at 173, 177, 699 S.E.2d at 527, 529 (emphasis in original).[8]

---

[8] Appellant suggests that a trial court's bare knowledge of a pending charge that exists at the time of a revocation hearing per se deprives the trial court of the authority to revoke a defendant's suspended sentence on the basis of that conduct at a subsequent revocation hearing. However, neither the revocation statute nor this Court's decision in Canty supports this view. Code § 19.2-306(D) states,

It is appellant's burden to provide this Court with a record from which it can decide the issues in the case. See Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001) (citing Justis, 202 Va. at 632, 119 S.E.2d 257 (holding "on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of")). The record on appeal before this Court simply provides no basis for concluding that the trial court considered the Caroline County charges (including the charge of "Habitual Offender 6th" offense) as grounds to revoke appellant's suspended sentence on October 16, 2009. In fact, as discussed above, the trial court expressly stated at the May 21, 2010 revocation hearing that it did not consider the Caroline County charges at the October 16, 2009 revocation hearing.

Therefore, given the trial court's broad discretion in revoking suspended sentences under Code § 19.2-306,[9] see Peyton, 268 Va. at 508, 604 S.E.2d at 19, and the highly persuasive

_____

> If any court has, after hearing, *found no cause* to impose a sentence that might have been originally imposed, or to revoke a suspended sentence or probation, then any further hearing to impose a sentence or revoke a suspended sentence or probation, *based solely on the alleged violation for which the hearing was held*, shall be barred.

(Emphasis added). See Canty, 57 Va. App. at 177, 699 S.E.2d at 529 ("[H]ad Canty's September 2008 drug possession been raised at the first revocation hearing, and had the trial court determined it was not grounds for a revocation, Code § 19.2-306(D) would have precluded it from being used in any later hearing for this purpose."). Therefore, both under Code § 19.2-306 and under Canty, the determinative factor is whether the trial court has rejected the defendant's alleged conduct as a basis for revocation at an earlier revocation hearing by making a finding of "no cause." See id. at 177 n.6, 699 S.E.2d at 529 n.6 ("Accordingly, had the issue been raised at the first revocation hearing, the trial court could have considered the conduct or *elected to wait until* charges were brought or *a conviction was obtained*." (emphasis added)).

[9] Appellant's argument might well *prevent* a trial court from exercising its discretion and, in so doing, from waiting to see what happens with pending charges before revoking part or all of a suspended sentence. Appellant's argument implies that a trial court must act and decide

authority of <u>Canty</u> to the facts of this case, the trial court did not abuse its discretion when it revoked appellant's suspended sentence on the basis of his conviction for the "Habitual Offender 6th" offense.

### III. CONCLUSION

The trial court's own statements make clear that, even though the Caroline County offenses were raised to its attention at the October 16, 2009 revocation hearing, it never actually considered appellant's commission of the "Habitual Offender 6th"offense, as a basis for revoking appellant's suspended sentence, *until* the May 21, 2010 revocation hearing, at which point appellant had been convicted of the "Habitual Offender 6th" offense. Therefore, the trial court did not abuse its discretion in revoking appellant's suspended sentence on that basis at the May 21, 2010 revocation hearing. Accordingly, we affirm the trial court's May 24, 2010 revocation order.

<u>Affirmed.</u>

---

whether to revoke all or part of a suspended sentence when *charges* are brought to the trial court's attention. Such a rule could needlessly undermine the trial court's flexibility in a way that could actually result in more revocations and more prison time for many defendants.