COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia


LEE ALDEN MOONEY

MEMORANDUM OPINION[*] BY
v.      Record No. 1452-12-2      SENIOR JUDGE SAM W. COLEMAN III
SEPTEMBER 24, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Thomas V. Warren, Judge

Marlene A. Harris for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Lee Alden Mooney (appellant) appeals from a ruling that he violated conditions of

probation imposed for a 2007 conviction. He contends that when it was determined he did not

qualify for the diversion center incarceration program, ordered as a condition of resuspension

during a 2011 revocation proceeding, the court had authority only to reconsider the terms of the

2011 suspension and could not find a new probation violation supporting a new revocation of his

suspended sentence. We hold on this record that the circuit court's authority was not limited to

only reconsidering the terms of the 2011 suspension and that the court did not err in considering

additional criminal convictions in revoking the probation and suspended sentence. Thus, we

affirm the challenged revocation of appellant's suspended sentence and probation.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Code § 19.2-303 permits the trial court, after conviction, to suspend all or part of a sentence and to place the defendant on probation "under such conditions as the court shall determine." A requirement to comply with supervision, not to abscond, and to obey the law and otherwise be of good behavior are conditions routinely imposed on a grant of probation. See, e.g., Allison v. Commonwealth, 40 Va. App. 407, 408-09, 579 S.E.2d 655, 656 (2003); Va. Crim. Sent'g Comm'n, Sentencing Revocation Report & Probation Violation Guidelines Manual appx. 1 (Va. Dep't of Corrections Form PPS 2, Conditions of Probation/Post-Release Supervision (Rev. 2/1/05)). Both a suspended sentence and a grant of probation may be conditioned upon the successful completion of "alternative sentencing [options]" including the detention and diversion center programs. Peyton v. Commonwealth, 268 Va. 503, 509, 604 S.E.2d 17, 20 (2004) (citing Code § 53.1-67.3); see Code §§ 53.1-67.6 to -67.8.

Code § 19.2-306, which governs revocation proceedings, provides in relevant part:

> A. In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for *any cause* the court deems sufficient that occurred at *any time* within the probation period, or within the period of suspension fixed by the court. . . .
>
>     \*    \*    \*    \*    \*    \*    \*
>
> D. If any court has, after hearing, *found no cause* to impose a sentence that might have been originally imposed, or to revoke a suspended sentence or probation, then any further hearing to impose a sentence or revoke a suspended sentence or probation, based solely on the alleged violation for which the hearing was held, shall be barred.

(Emphases added).

"'[T]he power of a court to revoke [probation or] a suspended sentence granted by [Code § 19.2-306] is broad, [but] it is not without limitation.'" Word v. Commonwealth, 41 Va. App. 496, 506, 586 S.E.2d 282, 287 (2003) (second and third alterations in original) (quoting Duff v.

- 2 -

Commonwealth, 16 Va. App. 293, 297, 429 S.E.2d 465, 467 (1993)). "The cause deemed by the court to be sufficient for revoking [probation or] a suspension must be a reasonable cause." Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (per curiam). To revoke a suspended sentence or probation, "proof beyond a reasonable doubt is not required." Marshall v. Commonwealth, 202 Va. 217, 221, 116 S.E.2d 270, 274 (1960). The sufficiency of the evidence to sustain an order of revocation "is a matter within the sound discretion of the trial court. Its finding[s] of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion." Id. at 220, 116 S.E.2d at 273.

## A. DIVERSION CENTER PARTICIPATION CONDITION

Appellant's argument focuses in part on his inability to participate in the diversion center incarceration program. We held in Word, 41 Va. App. 496, 586 S.E.2d 282, that if a defendant has received a suspended sentence or probation which is conditioned upon his entering and completing such a program and the defendant, through no new fault of his own, is no longer able to satisfy that condition, "the court ha[s] the authority to *reconsider* the suspended sentence[] [and probation]." Id. at 505, 586 S.E.2d at 286 (emphasis added). Relying on Word, appellant contends the circuit court lacked authority to conclude in 2012 that he committed *a new probation violation* when it was authorized, at most, merely *to reconsider the terms* upon which it had revoked and resuspended his sentence in 2011. Word, however, is distinguishable and inapplicable here. The trial court did not consider or base its decision upon appellant's failing to qualify for the diversion program. The court revoked appellant's probation and suspended sentence upon finding that appellant had committed, and was convicted of, five new crimes *after* his 2007 grand larceny conviction and "*within* the probation period" for that offense, Code § 19.2-306 (emphasis added). The evidence supports the trial court's finding in the 2012

revocation proceeding that appellant violated the "terms of the suspended sentence and probation" because he "committed [new] crimes."

## B. IMPACT OF MULTIPLE SUSPENSIONS AND PROBATIONARY PERIODS

Appellant argues the relevant period of probationary status is the one following his 2011 revocation and resuspension. He contends he was not on supervised probation during that time and was not subject to any conditions of probation. Therefore, he contends that in the 2012 revocation proceeding, he could not be held to have violated any terms of probation.[1] We hold both the factual and legal premises of this argument are faulty.

Pursuant to Code § 19.2-306, "the court may revoke the suspension of sentence for *any cause* the court deems sufficient that occurred *at any time* within the probation period, or within the period of suspension fixed by the court," as long as the court has not previously "found *no cause* . . . to revoke a suspended sentence or probation . . . based solely on the alleged violation" at issue. Code § 19.2-306(A), (D). We have "reject[ed] the notion that the revocation and resuspension of all or part of a defendant's suspended sentence prevents the trial court from thereafter considering conduct by the defendant, never before considered, that occurred prior to the date of the revocation and resuspension." Canty v. Commonwealth, 57 Va. App. 171, 179, 699 S.E.2d 526, 530 (2010), aff'd by unpub'd order, No. 102221 (Va. Oct. 7, 2011). Adopting

---

[1] Although the letter Probation Officer Henley wrote to initiate the 2012 revocation proceeding sought to have appellant show cause "as to why his suspended sentence or a portion thereof should not be revoked" *based on his ineligibility for the diversion center program*, she also subsequently notified the court that appellant appeared to have absconded. The wording in the resulting capias to show cause was broad, requiring appellant to show cause as to "why [he] . . . should not have the [2007] suspended sentence . . . for the charge of grand larceny . . . revoked *for failing to abide by the terms of probation*." (Emphasis added).

Appellant attempts in his statements of the case and the facts on brief to characterize the capias as being "for a probation violation *for failing to enter and complete the Diversion Program*." (Emphasis added). However, he does not contend in his single assignment of error that he lacked notice of the potential scope of the July 2012 proceeding. We therefore do not reach the issue of notice.

such a notion "would [improperly] immunize the defendant (in the context of sentencing on the original crime) from the consequences of acts he committed, no matter how heinous, in violation of certain conditions of his probation once the trial court found him in violation of *other*, even minor, terms of his probation. " Id. Refusing to apply such a bar is proper because the sentence imposed after a revocation and resuspension is not a modification of an immediately preceding revocation and resuspension; rather a revocation and resuspension is "a further modification of the original . . . suspended sentence." Id. at 178 n.8, 699 S.E.2d at 529 n.8.

In Clarke v. Commonwealth, 60 Va. App. 190, 725 S.E.2d 158 (2012), we held these principles apply even if the sentencing court was aware of the charges, as long as "[t]he record on appeal before this Court . . . provides no basis for concluding that the trial court considered [the pending charges or convictions] . . . as grounds to revoke [the defendant's] suspended sentence" at the prior revocation hearing. Id. at 198-99 & n.8, 725 S.E.2d at 162 & n.8. We held further that if a transcript of the prior hearing is necessary to determine whether the trial court considered the prior convictions in making a prior revocation decision, a defendant who fails to make a transcript of that hearing a part of the record on appeal fails to meet his burden of proof. Id. at 194, 198-99 & nn.6, 8, 725 S.E.2d at 160, 162 & nn.6, 8.

Here, like in Clarke, appellant has failed to meet his burden of providing "'a sufficient record from which we can determine whether the lower court . . . erred in the respect complained of.'" Id. at 194 n.6, 725 S.E.2d at 160 n.6 (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). Appellant failed to make a transcript of the 2011 revocation hearing part of the record for purposes of appeal. Further, nothing in the related order establishes that the sentencing court either (1) considered the crimes appellant had committed and been convicted of between his original sentencing in 2007 and the 2011 revocation proceeding or (2) "found no cause" to revoke in the 2011 proceeding based on those crimes. Prior to the 2011 revocation

proceeding, appellant's probation officer notified the court that appellant once again had failed to comply with the supervision condition of his probation, his fourth such failure. Although the record shows the court likely was aware of at least appellant's 2011 Richmond grand larceny conviction at the time of the 2011 revocation proceeding, the record is silent regarding whether it considered that conviction or any other in its 2011 sentencing decision. See, e.g., Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) ("An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record."). On these facts, we hold appellant has failed to prove the sentencing court erred in relying on these convictions as the basis for revoking appellant's sentence in the 2012 proceeding.

Appellant's focus on the narrow period of time from the 2011 revocation to the 2012 revocation is misplaced; the court had authority under Code § 19.2-306, as construed in Clarke, to consider the entire period from appellant's original suspension of sentence in 2007 through the revocation hearing in 2012, as long as appellant was subject to the relevant conditions of supervision during the periods at issue. The evidence supports a finding that appellant was on supervised probation and subject to conditions of probation, including one requiring good behavior and compliance with all laws, during all relevant periods of time from his original sentencing in 2007 through his 2011 revocation, and appellant does not contend otherwise.

Appellant accurately states that the record does not establish the fact or nature of any specific conditions of probation imposed as part of his 2011 revocation and resuspension. However, whether appellant was subject to specific conditions of suspension or probation other than successful completion of the diversion center program after the 2011 revocation is irrelevant to this appeal. At the July 2012 revocation hearing, the prosecutor averred, and appellant's counsel confirmed, that all the new crimes appellant committed and was convicted of after his

- 6 -

original sentence suspension in 2007 had conviction dates *preceding* the 2011 revocation. Thus, the only conditions of probation relevant for purposes of the 2012 revocation, which the trial court expressly stated was based on the "subsequent crimes that [appellant] committed after February of [2007]," were the conditions in effect for the period from the original sentencing in February 2007 to the revocation hearing of October 2011.

II.

Because the court had authority under Code § 19.2-306, as construed in <u>Clarke</u>, to consider the entire period of time from the original suspension of appellant's sentence in 2007 through the revocation hearing in 2012 and because the evidence established appellant committed five new criminal offenses while he was subject to a good behavior condition of supervised probation between 2007 and 2011, we conclude the court did not abuse its discretion in holding appellant committed a new violation of the conditions of his probation and suspended sentence rather than merely reconsidering its 2011 suspension of his sentence. For these reasons, we affirm the trial court's 2012 revocation of appellant's suspended sentence and probation.

<u>Affirmed.</u>