COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and Friedman

UNPUBLISHED

GLENN ALLEN DUCK, JR.

MEMORANDUM OPINION*
v.      Record No. 1420-21-1                             PER CURIAM
                                                         JULY 19, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Kelsey Bulger, Senior Assistant Public Defender; Virginia Indigent
Defense Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.


Glenn Allen Duck, Jr., appellant, challenges the trial court's order revoking his previously

suspended sentence, resuspending a portion of the sentence, and returning him to supervised

probation. Specifically, he contends that the trial court abused its discretion when it ordered him to

complete an indeterminate period of supervised probation as a condition of the suspension. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 2013, appellant pleaded guilty to malicious wounding and the trial court convicted him under the terms of a written plea agreement. Although the plea agreement did not include an agreed disposition, leaving the question of appellant's sentence to the trial court's discretion, it expressly provided that any suspension of the sentence the trial court imposed "shall be conditioned upon good behavior, payment of [c]ourt [c]osts and any applicable fines or restitution, and successful completion of [*i*]*ndeterminate [s]upervised [p]robation*." (Emphasis added).

The trial court sentenced appellant to twenty years' imprisonment, with fifteen years suspended. Consistent with the express terms of the plea agreement, the trial court conditioned appellant's suspended sentence upon his good behavior, payment of court costs, and successful completion of indeterminate supervised probation. Appellant's suspended sentence was revoked and resuspended, in part, in 2018 and again in 2020. Appellant returned to supervised probation on August 5, 2020.

On October 6, 2020, appellant's probation officer reported that appellant had violated the terms and conditions of the suspended sentence because he had failed to maintain contact with his probation officer and the probation officer had no way to contact him. At the revocation hearing,[1] appellant pleaded "no contest" to violating the terms and conditions of his suspended sentence. Appellant told the trial court that he was "sorry for breaching the contract. [He] did not mean to." The trial court accepted appellant's concession and found he had violated the terms and conditions of his suspended sentence.

---

[1] There was a delay in the proceedings because appellant had to be restored to competency. Once appellant was restored to competency, the trial court also ordered a sanity evaluation. At the time of the revocation hearing, appellant was found to be both competent and sane.

During the hearing, appellant asked the trial court to "get[] [him] off of probation." Appellant argued that he was homeless and it would be difficult "making it out there with no shelter," so he asked the trial court to order him to a program that would help him obtain housing. The trial court told appellant that it would not remove him from supervised probation because it wanted him to "get a few services there," including assistance with housing, and for probation to "get you on the right track." The trial court advised appellant that once he had "convince[d probation] that you're trustworthy and don't need probation," it would entertain a motion to release him from probation. But, the trial court explained, "you're going to have to walk a few miles before that happens." Appellant stated he understood the trial court's explanation. After some further discussion concerning mental health treatment, the trial court concluded by stating, "So the [c]ourt is about to pronounce judgment, Mr. Duck. Is there anything you wish to say or any reason you can tell me why we shouldn't go forward with this today and end it?" Appellant replied, "No, Your Honor. I'm in agreement with everything."

The trial court revoked appellant's previously suspended sentence with thirteen years, nine months, and sixteen days resuspended, for an active sentence of fourteen days in jail, conditioned upon, *inter ali*a, indeterminate supervised probation. This appeal follows.

ANALYSIS

On appeal, appellant challenges only the trial court's decision to return him to supervised probation. Appellant argues that the trial court failed to consider his mitigating circumstances—he was "homeless and had limited resources"—that prevented him from complying with supervised probation.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When coupled with a

suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

When an individual abuses that grace by failing to comply with probation, the trial court's authority to revoke a suspended sentence "is quite broad." *Clarke v. Commonwealth*, 60 Va. App. 190, 195 (2012) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). So too is the trial court's authority to return an individual to probation after a revocation.

> If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1. The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, *and may place the defendant upon terms and conditions or probation*.

Code § 19.2-306(C)[2] (emphasis added).

We do not address appellant's claim that the trial court abused its "quite broad" discretion when it returned him to supervised probation, however, because appellant waived any such challenge. After the trial court explained to appellant that it would not release him from probation and the reasons for its decision, appellant expressed his "agreement with everything" the trial court had explained.[3] "[H]aving agreed upon the action taken by the trial court," appellant may not now "assume an inconsistent position." *Clark v. Commonwealth*, 220 Va.

---

[2] Code § 19.2-306(C) was amended effective July 1, 2021. *See* 2021 Va. Acts Sp. Sess. I, ch. 538. Neither Duck nor the Commonwealth has challenged the applicability of the statutory amendment in this case; thus, we do not address that issue here. Moreover, we note that the sentence the trial court imposed is consistent with the new statutory framework.

[3] Furthermore, supervised probation was an express condition of any suspension of appellant's sentence under appellant's original plea agreement.

201, 214 (1979). Established precedent makes clear that "a litigant may not take 'successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" *Bethea v. Commonwealth*, 297 Va. 730, 753 n.9 (2019) (quoting *Babcock & Wilcox Co. v. Areva NP, Inc.*, 292 Va. 165, 204 (2016)); *see also Jessee v. Jessee*, 74 Va. App. 40, 51 (2021) (rejecting appellant's argument because it was inconsistent with the position he took in the trial court).

CONCLUSION

Having reviewed the record, we decline to consider appellant's claim, as he waived any such challenge in the trial court.

*Affirmed.*