COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Chaney
Argued at Lexington, Virginia


MICHAEL A. HULLINGS

MEMORANDUM OPINION* BY
v.        Record No. 0758-22-3            JUDGE VERNIDA R. CHANEY
MAY 16, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Tara M. Senn; David L. Parker, P.C., on brief), for appellant.
Appellant submitting on brief.

Susan Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Michael A. Hullings appeals the trial court's order revoking his previously suspended

sentences. Hullings contends that the trial court abused its discretion in imposing combined

sentences of 5 years and 30 months, vastly exceeding the sentencing guidelines. Finding no abuse

of discretion, this Court affirms the trial court's judgment.

### BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party" in the trial court. *McGowan v.

Commonwealth*, 72 Va. App. 513, 516 (2020) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)).

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

In 2013, Hullings pleaded guilty, under the terms of an agreed disposition, to attempted bodily injury of a police officer, child endangerment, brandishing a firearm, destruction of property, possession of a firearm after involuntary commitment, and obstruction of justice. Consistent with the agreed disposition, the trial court sentenced Hullings to a total of 10 years and 48 months' incarceration, with 8 years and 48 months suspended. In 2015 and again in 2019, the trial court revoked Hullings's suspended sentences due to violations of the terms and conditions of his probation and suspended sentences, and the trial court re-suspended the sentences, in part.

In June 2021, Hullings returned to supervised probation and resumed using drugs almost immediately. In March 2022, Hullings's probation officer reported that Hullings had repeatedly tested positive for amphetamines or methamphetamine and had admitted using other drugs. Hullings disregarded his probation officer's instruction to enroll in substance abuse counseling. Hullings also failed to pay court costs.[1] When Hullings was arrested on the instant probation violation charge, he was initially non-compliant with law enforcement officers, but he eventually complied.

At the revocation hearing, the probation officer's major violation report and addendum were admitted into evidence. The Commonwealth asked the trial court to revoke Hullings's suspended sentences and remove him from probation. The Commonwealth noted that Hullings had a consistent history of positive drug screens, had tested positive for amphetamines and methamphetamine, and had failed to cooperate with the probation officer or participate in any treatment.

In mitigation, Hullings testified that he suffered from mental health disorders, including bipolar disorder with psychosis, schizoaffective disorder, and anxiety. He also had diabetes.

---

[1] Hullings had made one payment since his release from incarceration.

Hullings stopped taking his prescription medications for about a month and, instead, self-medicated with illicit substances. He claimed he now appreciated the importance of taking the medicines his doctor had prescribed. Upon his release from incarceration, Hullings planned to take drug and alcohol classes through the Community Services Board. Hullings wanted to change for the sake of his grandchildren and to care for his elderly grandmother.

During his allocution, Hullings acknowledged that he had committed the probation violation. He contended that he should receive treatment for his mental health illness instead of incarceration. Hullings asked the trial court to give him one more chance and to impose a sentence within the recommended sentencing guidelines, between three months and one year of incarceration.

The trial court found that Hullings had violated the terms and conditions of his probation and suspended sentences. The trial court noted that this was Hullings's third revocation since his 2013 convictions for very serious charges. The trial court found that Hullings had shown "significant aggression" towards law enforcement officers who arrested him. After considering the history of the case and the risk Hullings presented to the community, the trial court revoked the entirety of Hullings's suspended sentences.

In April 2022, Hullings filed a motion to reconsider. At the hearing on the motion for reconsideration, Hullings argued that the trial court should not have imposed the sentence that far exceeded the sentencing guidelines because the guidelines provided an appropriate sanction.[2] In denying the motion, the trial court found that this was Hullings's third technical violation. The trial court noted that Hullings's continued non-compliance with the terms and conditions of his

---

[2] Hullings further argued that the trial court erred in treating his violation as a "special condition" violation when it was appropriate to treat it as a "technical violation." However, Hullings did not assign error to the trial court's decision to treat his probation violation as either a nontechnical violation or a third technical violation.

probation, along with his statements to his probation officer, demonstrated that Hullings was a risk to the community.

ANALYSIS

"On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

Subject to certain conditions, after suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). In this case, the trial court had the authority to "impose whatever sentence might have been originally imposed" after finding Hullings in violation of a third technical violation. Code § 19.2-306.1(C).

Hullings contends that the trial court abused its discretion by revoking and imposing the balance of his suspended sentences. Hullings asserts that the trial judge arbitrarily decided that the guidelines were inappropriate based on his prior record of failure to comply with probation. We disagree. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Further, the probation violation guidelines, like the standard sentencing guidelines, "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993). A judge's decision not to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F).[3] Accordingly, we consider only

---

[3] Although not controlling here, we note that, effective July 1, 2022, Code § 19.2-306.2(D) likewise expressly provides that failure to follow the provisions for the revocation guidelines "shall not be reviewable on appeal."

whether the sentence imposed represents an abuse of the trial court's broad sentencing discretion upon revocation of the suspended sentences. *See Clarke v. Commonwealth*, 60 Va. App. 190, 199 (2012).

Upon review, this Court finds no abuse of the trial court's discretion. In addition to finding that Hullings was non-compliant with the terms and conditions of his probation, the trial court found that Hullings had shown "significant aggression" towards law enforcement officers. Considering the seriousness of the underlying offenses and Hullings's repeated probation violations, the trial court found that Hullings's continued liberty would be a danger to the community. Considering the facts and circumstances of this case, this Court holds that the trial court did not abuse its discretion in revoking the balance of Hullings's previously suspended sentences.

## CONCLUSION

Finding no abuse of the trial court's sentencing discretion, this Court affirms the trial court's judgment.

*Affirmed.*