UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Huff and AtLee
Argued at Norfolk, Virginia


BRYAN STEVEN RUFF

MEMORANDUM OPINION* BY
v.      Record No. 1392-18-1      JUDGE RICHARD Y. ATLEE, JR.
JANUARY 14, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Joel P. Crowe, Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A judge of the Circuit Court of the City of Portsmouth found appellant Bryan Steven

Ruff guilty of violating his terms of probation by failing to pay restitution, and revoked his

suspended sentences. On appeal, Ruff argues the circuit court erred in finding: (1) that he

had violated the terms of probation for one conviction for which no restitution was ordered, and

(2) that he had unreasonably failed to pay court-ordered restitution based upon the terms of

probation for his other conviction. For the following reasons, we agree and reverse.

I. BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the

party who prevailed before the circuit court. Clanton v. Commonwealth, 53 Va. App. 561, 564

(2009) (*en banc*). So viewed, in 2014, Ruff was convicted for obtaining money by false

pretenses (case number CR14-687-01) and working without a contractor's license (case number

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

CR14000688-01). For obtaining money by false pretenses, Ruff received a sentence of six years in prison with five years suspended, conditioned upon his successful completion of five years' probation and payment of restitution to the victim of $15,398. At the time when Ruff was sentenced, Virginia law did not require the court to establish a payment plan for restitution, and none was set for Ruff at sentencing.[1] For working without a contractor's license, Ruff received a sentence of twelve months in jail, with eight months suspended, conditioned upon his successful completion of two years of unsupervised probation. Ruff's terms of imprisonment were to run consecutively while his terms of probation were to run concurrently.

Ruff began supervised probation upon his release from prison in March 2016. In December, based on his "positive adjustment" to supervision, he was placed on "Shadow Track," a telephone monitoring system which is the lowest level of supervision. He paid a total of $1,125 towards restitution between his release and his loss of employment in August 2017, with his last payment during that period being $450 on August 10, 2017.

Ruff lost his job in August 2017, and he made no restitution payments from that time until he regained employment in late April 2018. In May 2018, at the request of the

---

[1] At the time Ruff was sentenced, there was no statutory requirement that a sentencing court must set forth a plan for repayment of restitution, just that it must "determine the amount to be repaid by the defendant and the terms and conditions thereof." Code § 19.2-305.1(D). Now, "[a]t the time of sentencing, the court shall enter the amount of restitution to be repaid by the defendant, the date by which all restitution is to be paid, the terms and conditions of such repayment, and the victim's name and contact information . . . ." Code § 19.2-305.1(E).

An underlying issue in this case is that Ruff was sentenced before a restitution payment plan was required by statute, and the practical effect of finding Ruff in violation in this matter was that the circuit court established such a plan. Clearly, payment plans serve a laudable goal of ensuring that victims are compensated for harms caused by defendants and that defendants continue to make progress towards full restitution. The Commonwealth could have petitioned to modify the terms of probation to establish a payment plan without putting a probation violation on Ruff's record. The circuit court could have also ordered this on its own motion. Code § 19.2-304 ("The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth.").

Commonwealth's Attorney, a probation officer in Portsmouth prepared a major violation report and request to show cause for both of Ruff's convictions. The sole probation violation cited was "failure to pay restitution." It noted that his last payment had been in August 2017, and that he had a remaining balance of $14,273.

Ruff made the following payments after regaining employment until the time of his revocation hearing: $100 on June 12, 2018; $350 on August 9, 2018; and $150 on August 14, 2018. He had paid a total of $1,750 towards restitution at the time of his revocation hearing on August 16, 2018.

At the revocation hearing, the probation officer who prepared the major violation report testified. He explained that he did not supervise Ruff, nor had they met previously, and that he had prepared the report and request to show cause at the request of the Commonwealth. Ruff testified in his own defense. He explained that he had lost his job in August 2017, at which point he stopped making payments. He testified that he resumed payments shortly after regaining employment in late April 2018. No other testimony was offered to refute this explanation for the period of non-payment between August 2017 and June 2018, although the Commonwealth argued that Ruff only resumed payments when faced with a show cause. Ruff also testified about his income and expenses, and stated that he could afford to pay $100, twice a month, towards restitution.

The circuit court found that Ruff had violated the terms and conditions of his probation and revoked his previously suspended sentences for both of his convictions. It then re-suspended that remaining time, conditioned upon Ruff's payment of $200 a month towards restitution, having considered Ruff's testimony about his income and expenses. This appeal followed.

II. ANALYSIS

"The 'revocation of a suspended sentence lies in the discretion of the trial court and that . . . discretion is quite broad.'" Clarke v. Commonwealth, 60 Va. App. 190, 195 (2012) (alteration in original) (quoting Peyton v. Commonwealth, 268 Va. 503, 508 (2004)). "On appeal from a revocation proceeding, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Id. (quoting Keselica v. Commonwealth, 34 Va. App. 31, 35 (2000)).

*A. Revocation of Sentence in CR14000688-01*

As a preliminary matter, the circuit court abused its discretion when it revoked Ruff's suspended sentence for working without a contractor's license (CR14A00688-01). Only one violation was cited in the major violation report: failure to pay restitution. No restitution was ordered for this conviction. Thus, even if Ruff's court-ordered payments, or lack thereof, had been unreasonable, they could not have constituted a violation of probationary terms that contained no order of restitution. Therefore, the circuit court erred in finding Ruff in violation and revoking his suspended sentence for this conviction.

*B. Revocation for Failure to Pay Restitution in CR14-687-01*

After suspending a sentence, a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). The circuit court's discretion is more limited, however, when the basis for the revocation of a suspended sentence is the defendant's failure to pay restitution. Under Code § 19.2-305.1(F), only an "[u]nreasonable failure to execute the [restitution payment] plan by the defendant shall result in revocation of the probation or imposition of the suspended sentence." This requirement that only an "'unreasonable' failure to pay restitution shall result in revocation of a suspended sentence

- 4 -

restricts the scope of the court's authority under Code § 19.2-306 to revoke a suspension for 'any cause' deemed by it sufficient." Duff v. Commonwealth, 16 Va. App. 293, 298 (1993). "In short, a reasonable failure to pay restitution negates a reasonable cause to revoke a suspended sentence." Id.

The parties concede that the circuit court found that Ruff's payment of, or failure to pay, restitution was unreasonable. Yet the circuit court cited nothing in the record to suggest that his payment was unreasonable, nor did it make any factual findings or provide any rationale for why it so found. Ruff's sentencing order did not specify a payment plan, nor did it even require that Ruff make a "good faith," "reasonable," or "ongoing" effort. The terms of probation required Ruff to pay a certain sum in restitution — $15,398 — before the expiration of his probationary period, which was years away at the time of the hearing in this matter. Aside from the terms set forth in his sentencing order, Ruff had no other guidelines as to what was expected of him with respect to payment of restitution: he had not agreed to a payment plan with a probation officer; he did not even have a probation officer to consult.

The evidence shows that Ruff made payments totaling $1,750 towards restitution. He made payments whenever he was not incarcerated or unemployed. These payments, based on the limited evidence presented, were in line with the amount he could afford to pay.[2] The circuit court made no factual findings to the contrary; instead, it appeared to agree with Ruff's assessment that he could afford to pay $200 a month towards restitution, as that is what it ordered him to pay. Even viewed in the light most favorable to the Commonwealth, the facts do not support the circuit court's finding that Ruff violated the terms of his probation. Accordingly, the circuit court abused its discretion in finding that Ruff's payments towards restitution were

---

[2] The record contains no information as to what Ruff made or could afford to pay during the eight-month window post-incarceration but prior to losing his job.

unreasonable. It therefore erred in finding Ruff in violation of his terms of probation, and in revoking his suspended sentences.

### III. CONCLUSION

The circuit court erred in finding that Ruff had violated his probation and in revoking his suspended sentences, as he had not violated the terms of probation by failing to pay restitution for a conviction for which no restitution was ordered and because the record failed to demonstrate why his payments had been unreasonable based on the terms set forth in his sentencing order. Accordingly, the matter is reversed and the show causes dismissed.

<u>Reversed and dismissed.</u>