COURT OF APPEALS OF VIRGINIA

Present:   Senior Judges Annunziata, Frank and Petty

JOHN CORNELIUS JONES

MEMORANDUM OPINION[*]

v.      Record No. 0979-21-2                                      PER CURIAM
                                                                 MAY 31, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
W. Allan Sharrett, Judge

(Anthony N. Sylvester, on brief), for appellant. Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.

Counsel for John Cornelius Jones, appellant, filed a brief on his behalf accompanied by a

motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

Jones also filed a *pro se* supplement to his counsel's *Anders* brief. Appellant argues that the trial

court abused its discretion by sentencing him to two years and eleven months "of active time in

prison for his probation violations." In his *pro se* supplemental brief, appellant reiterates that the

sentence was "harsh" considering the mitigating circumstances.[1] After examining the briefs and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In his *pro se* supplemental pleading, appellant mentions, without further explanation, that he was sentenced after July 1, 2021, when the "new law went into effect." Presumably, appellant is referring to the 2021 amendments to Code § 19.2-306 and the enactment of Code § 19.2-306.1. *See* 2021 Va. Acts Spec. Sess. I ch. 538. During the revocation hearing, the trial court noted that the guidelines changed as of July 1, 2021, and asked counsel if they had them. Appellant's counsel stated that he had reviewed them with appellant. Appellant did not raise any objections or arguments concerning Code §§ 19.2-306 and -306.1. The "Court of Appeals will not consider an argument on appeal which was not presented to the trial court." *Fletcher v. Commonwealth*, 72 Va. App. 493, 510 (2020) (quoting *Ohree v. Commonwealth*, 26 Va. App.

record in this case, we affirm the trial court's judgment. We unanimously hold that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "On appeal of the revocation of a suspended sentence, the appellate court reviews the evidence in the light most favorable to the Commonwealth, the party who prevailed below." *Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

BACKGROUND

In 2008, appellant entered a plea agreement and pleaded guilty to eluding the police. The trial court sentenced appellant to five years' imprisonment, with four years suspended, and placed him on supervised probation. In 2012 and 2016, the trial court found that appellant violated the conditions of his probation and revoked portions of his previously suspended sentence, leaving him with a suspended sentence of two years and eleven months.

In August 2017, appellant's probation officer filed a major violation report, stating that appellant had tested positive for illegal drugs on three occasions and had not followed through with the referral for substance abuse treatment. The probation officer also reported that appellant had missed five appointments with her, did not appear for a probation revocation hearing in Hampton circuit court, and had outstanding warrants for failure to pay child support. Appellant also had not paid his court costs. The trial court issued a capias for appellant's arrest, which was not executed until July 9, 2021.

299, 308 (1998)). Accordingly, we will not address appellant's statement regarding the "new law" and Code §§ 19.2-306 and -306.1.

- 2 -

At the revocation hearing, the Commonwealth stated that appellant had not contacted his probation officer since 2017. Appellant stipulated that he had "missed appointments," tested positive for illegal drugs, and had outstanding court costs. Appellant confirmed that "the only thing" that he contested was the Commonwealth's allegation that he had absconded from supervision.

Appellant testified that after he was released from incarceration in December 2016, he met with his probation officer, who subsequently notified him that his probation had been transferred to a different officer. Appellant initially met with his new probation officer and obtained employment. He explained that he did not attend substance abuse treatment because the appointments conflicted with his work schedule. Appellant had been living and working in the area for the past four years. He explained that child support was being deducted from his paychecks. Appellant admitted that he knew his probation officer had "violated" him and he had an outstanding capias; nonetheless, he had not contacted his probation officer since 2017. Appellant testified that in 2019, he went to the Riverside jail and Hopewell police department to turn himself in but was told that there were no outstanding warrants for him.

After hearing the evidence and arguments, the trial court noted that this was appellant's third probation violation. The trial court acknowledged appellant's stipulations to the allegations in the major violation report that he had not maintained contact with his probation officer. The trial court also considered that appellant had not had any contact with his probation officer for several years. The trial court discounted appellant's claim that he had attempted to turn himself in because he had not contacted his probation officer when he learned of the outstanding capias. The trial court found that appellant violated the terms and conditions of his probation by absconding from supervision, failing to follow instructions, failing to be truthful and cooperative, and using controlled substances. The trial court revoked appellant's previously suspended sentence of two years and eleven months.

The trial court denied appellant's request for work release because he had absconded for four years. This appeal followed.[2]

ANALYSIS

The trial court's authority to revoke a suspended sentence "is quite broad." *Clarke v. Commonwealth*, 60 Va. App. 190, 195 (2012) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

Appellant, by counsel, argues that the trial court abused its discretion by sentencing him to an active sentence of two years and eleven months for his probation violations.[3] He asserts that the sentence was "excessive and harsh," especially considering the mitigating factors. Appellant emphasized that he had maintained employment and had "committed no new law violations" since his previous probation violation five years earlier. In his *pro se* supplemental brief, appellant reiterated his counsel's arguments that the sentence was "harsh," considering that he had incurred no new criminal charges, was employed, and had been paying child support.

The weight to assign to any mitigating factors appellant presented was within the trial court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The trial court heard the mitigating and aggravating evidence. Balanced against appellant's mitigation evidence were substantial facts in aggravation. This was appellant's third probation violation. The trial court

---

[2] Appellant, acting *pro se*, moved to modify his sentence, which the trial court denied.

[3] Appellant asks this Court to consider his arguments under the ends of justice exception to Rule 5A:18. This Court, however, finds that appellant adequately preserved his arguments for appeal in his closing arguments at the revocation hearing. *See Rompalo v. Commonwealth*, 72 Va. App. 147, 155 n.2 (2020) ("In a bench trial, a defendant can preserve the issue by raising the argument in a renewed motion to strike or during closing arguments."), *aff'd*, 299 Va. 683 (2021).

found that appellant "wasn't new" to probation; in fact, he had been on probation for approximately ten years. Nevertheless, appellant had not maintained contact with his probation officer for four years, even after he had learned of the capias. Considering appellant's stipulations that he had missed appointments, used illegal drugs, and not paid his court costs, as well as finding that appellant had absconded from supervision, the trial court found that appellant violated the conditions of his suspended sentence.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By absconding, failing to maintain contact with his probation officer, and using illegal drugs, appellant demonstrated that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him by continually failing to abide by the conditions of his suspended sentence. Having reviewed the record, we hold that the sentence the trial court imposed represents a proper exercise of discretion.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that John Cornelius Jones is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.