UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Huff and Lorish

TIMOTHY STEVEN SLOAN

v.       Record No. 0905-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MARCH 28, 2023

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.


Timothy Steven Sloan, appellant, challenges the sentence the circuit court imposed upon

revocation of a previously suspended sentence. Sloan argues that the circuit court erred in revoking

the balance of the previously suspended sentence and refusing Sloan's request for admission into an

inpatient drug treatment program. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

"On an appeal of a probation revocation, the trial court's 'findings of fact and judgment

will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v.*

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] The record includes sealed materials; however, this appeal requires unsealing certain
portions to address Sloan's claims. "To the extent that certain facts are found in the sealed
portions of the record, we unseal those portions only as to those specific facts mentioned in this
opinion. The rest remains sealed." *Khine v. Commonwealth*, 75 Va. App. 435, 442 n.1 (2022).

*Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)). We review the evidence "in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).

In 2014, the circuit court convicted Sloan of petit larceny, third or subsequent offense, and sentenced him to five years' imprisonment, with four years suspended for a period of ten years. The circuit court revoked and resuspended the sentence in 2015 and 2018. In 2018, the circuit court convicted Sloan of grand larceny and sentenced him to four years' imprisonment, with three years and nine months suspended. One of the special conditions of Sloan's suspended sentence—both for the revocation and the new conviction—was that he enter and successfully complete the Newport News Drug Court program and remain compliant with the program.

In April 2020, Sloan's probation officer reported that Sloan had been terminated from the drug court program for oppositional behavior. The circuit court issued a show cause order on July 23, 2020. In addenda, the probation officer reported that Sloan had incurred a new charge of grand larceny and that he was convicted of the offense in August 2021.

At the revocation hearing on September 7, 2021, Sloan conceded that he did not complete drug court, had continued to use drugs, and had suffered a new felony conviction. The Commonwealth moved the probation officer's major violation report and addenda into evidence, and the circuit court took judicial notice of the new felony conviction. Sloan testified that after he was removed from drug court, he participated in a program through the Hampton Community Services Board called Partners in Recovery. He found the program beneficial; however, he relapsed while in the program. If released, Sloan intended to resume participating in Partners in Recovery. Sloan assured the circuit court that he was now ready to take probation and his addiction treatment more seriously. He noted that his non-compliance was related to his addiction.

The Commonwealth asked the circuit court to find Sloan in violation and impose a sentence at the high end of the guidelines,[2] noting that he had violated the terms of his suspended sentences "in many different ways." Sloan argued that a sentence at the low end of the guidelines, in addition to the sentence he was already serving on the new conviction, was sufficient punishment. The circuit court found Sloan in violation and continued the matter for disposition.

At the disposition hearing on November 16, 2021, the circuit court noted that in 2018 Sloan had asked for an opportunity to complete drug court, which the court granted. Despite the opportunity the circuit court had extended, Sloan was removed from the program because of his behavior and attitude. After he was terminated from drug court, Sloan relapsed and tested positive for fentanyl. In addition, Sloan had suffered a new felony conviction for grand larceny. Finding it proper to do so, the circuit court revoked Sloan's four-year suspended sentence.

ANALYSIS

Sloan contends that the circuit court abused its discretion by revoking the balance of his suspended sentence and "refusing" his request to be admitted into the residential treatment program. Sloan asserts that there were "mitigating circumstances," including that he had been drug-free for eight months before he was terminated from drug court, he had been incarcerated for eight months before the revocation hearing, and he was now "highly motivated" to participate in the residential drug treatment program he had found and been accepted into. He notes that the high end of the discretionary sentencing guidelines was only two years and urges this Court to reverse the circuit court's judgment because the sentence imposed was "too harsh" and "non-constructive."

_____

[2] The discretionary sentencing guidelines recommended a sentence between eight months and two years' incarceration.

- 3 -

Subject to certain conditions not at issue here, after suspending a sentence a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, because Sloan "was convicted of a criminal offense that was committed after the date of suspension," the circuit court had the authority to "revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

To the extent that Sloan argues the circuit court erred in deviating above the discretionary guidelines recommendation, we find no error because the revocation guidelines merely are a tool for the judge's use in determining an appropriate sentence. *Cf. Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Moreover, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we consider only whether the sentence imposed represents an abuse of the circuit court's broad sentencing discretion upon revocation of the suspended sentence. *Clarke v. Commonwealth*, 60 Va. App. 190, 199 (2012).

Upon review, we find no abuse of the circuit court's discretion. Initially, we note that the record reflects this was the third revocation proceeding on the petit larceny conviction. The circuit court noted that in 2018 it deviated substantially from the sentencing guidelines so that Sloan could complete drug court. But even by Sloan's own account, drug court "didn't turn out well." "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). The record demonstrates that Sloan was defiant with drug court requirements and committed a new criminal offense while on probation. Thus, Sloan demonstrated that he was not amenable to rehabilitation.

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Sloan failed to make productive use of the grace that had been extended to him repeatedly and continued to engage in criminal conduct during the suspension period. "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. After reviewing the record in this case, we conclude that the sentence the circuit court imposed represents a proper exercise of judicial discretion.

To the extent that Sloan argues his sentence was excessively harsh, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)).

## CONCLUSION

The circuit court did not abuse its discretion in revoking Sloan's suspended sentence. Accordingly, we affirm the circuit court's judgment.

*Affirmed.*